1  GOMM LAW
2  Russell Gomm, SBN 231056
   russell@gomm.law
3  510 N Darwood Ave
4  San Dimas, CA 91773
   Tel: 213.254.5759
5
6  Attorneys for Plaintiff
   THOMAS SAYLOR
7
8
                UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA

10
   THOMAS SAYLOR, an            | Case No. 2:23-cv-03447 MRA (MARx)
11 individual,                  |
                                | **PLAINTIFF'S OPPOSITION TO**
12        Plaintiff,            | **DEFENDANT'S MOTION IN**
13 vs.                          | **LIMINE NO. 1**
14                              | Trial Date:  (None set)
   GUICE OFFSHORE LLC, a        | FPTC:        October 17, 2024 3:00 p.m.
15 corporation, et al.,         | Courtroom:   10B
16                              | Complaint filed:  March 15, 2023
          Defendants.           |
17

18      Plaintiff hereby submits the following Opposition to Defendant
19 Guice Offshore LLC's ("Defendant") Motion in Limine No. 1 for an
20 Order Excluding Evidence of Causation of Plaintiff's Alleged Emotional
21 Distress ("Motion").

22  **I.   INTRODUCTION**

23      Defendant improperly seeks to bar Plaintiff's evidence of his
24 emotional distress caused by Defendant's conduct. Plaintiff's own
25 testimony and the testimony of his family members will demonstrate that

he was severely upset and humiliated by his treatment by Defendant, his termination by Defendant, and the consequences of that termination. The applicable federal law, F.R.E. Rule 701 and the Ninth Circuit caselaw applying it, hold that a party may present non-expert testimony of the party's emotional distress, either by the party himself or others who perceived the manifestations of the distress. This evidence is not unfairly prejudicial to Defendant just because it may be believed by the jury and is therefore not barred by Rule 403. Plaintiff's evidence of his emotional distress caused by Defendant is admissible.

## II.   RELEVANT FACTS

Defendant employed Plaintiff as a deckhand on a ship from April 2022 until it terminated Plaintiff in October 2022. Plaintiff, who is African American, alleges that during his employment, the captain of the ship, who is caucasian, taunted and humiliated him nearly ceaselessly for months based on Plaintiff's not eating pork or shellfish because of his belief in the Bible. Plaintiff complained to the captain that the taunting and humiliation was not appreciated and not appropriate, but the captain refused to stop. (Plaintiff's Complaint, Docket No. 1-1 at p. 7, ¶ 1; pp. 10–11, ¶¶ 12–19.)

Plaintiff alleges that in September 2022, the captain threw away Plaintiff's beef bacon which had been stored in the ship's common freezer. Plaintiff alleges that when Plaintiff confronted the captain about throwing away his beef bacon, the captain called Plaintiff the "n-word." Defendant terminated Plaintiff after the Plaintiff's next regular off-ship leave, claiming

that the ship no longer needed a deckhand. (Plaintiff's Complaint, Docket No. 1-1 at p. 7, ¶¶ 1–2; pp. 11–12, ¶¶ 20–21.)

Plaintiff alleges that Defendant's conduct caused him severe and ongoing emotional distress in addition to economic damages. (Plaintiff's Complaint, Docket No. 1-1 at pp. 7–8, ¶ 3; p. 12, ¶¶ 24–25.)

Plaintiff alleges the following claims based on Defendant's conduct set forth above:

1. Discrimination in violation of FEHA, Cal. Gov. Code, § 12940(a);
2. Harassment in violation of FEHA, Cal. Gov. Code, § 12940(j);
3. Retaliated in violation of FEHA, Cal. Gov. Code, § 12940(h); and
5. Intentional infliction of emotional distress.

(Plaintiff's Complaint, Docket No. 1-1 at pp. 13–16.)[1]

As cited in Defendant's Motion, Plaintiff testified to his severe and ongoing emotional distress at his deposition. (*See* Declaration of Talar Tavlian, Docket No. 23-1, Exhibit D (Plaintiff's Deposition excerpts).)

At trial, Plaintiff intends to introduce his own testimony about the feelings he experienced when the captain taunted and humiliated him nearly ceaselessly for months about what foods he ate, when the captain called him the "n-word," when Defendant terminated him, and during the period since. Plaintiff also intends to introduce the testimony of several family members regarding what they observed in Plaintiff's behavior during and after his employment with Defendant.

### III.     RELEVANT LAW

---

[1] Plaintiff has abandoned his Fourth Claim, for Wrongful Termination in Violation of Public Policy.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1
Page 3

### A. The Admissibility of Non-Expert Opinion Testimony in This Matter Is Governed by Federal Rules of Evidence, Rule 701

The Federal Rules of Evidence (not state law) generally govern the admissibility of evidence in federal diversity cases. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). Eight of the twelve cases cited in Defendant's Motion are from California state courts and pertain to state evidence law, not the Federal Rules of Evidence applicable to this case. (And none of the four federal cases Defendant cites are from the Ninth Circuit.)

The admissibility of non-expert opinion testimony is governed by Federal Rules of Evidence, Rule 701 :

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

F.R.E. 701.

### B. Non-Expert Testimony Regarding a Party's Emotional Distress Is Admissible

#### 1. Plaintiff May Recover Emotional Distress Damages Based Solely on His Own Testimony

The Ninth Circuit has specifically held that a plaintiff may recover emotional distress damages based solely on non-expert testimony. In *Zhang v. Am. Gem Seafoods, Inc.*, an employment discrimination case

similar to the instant matter, the Ninth Circuit rejected the requirement of the Fourth Circuit that emotional distress damages must be based on objective evidence: "While objective evidence requirements may exist in other circuits, such a requirement is not imposed by case law in … the Ninth Circuit, or the Supreme Court." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (internal citations omitted). Instead, the Ninth Circuit upheld the jury's award of emotional distress damages based on the plaintiff's testimony alone. *Id*.

### 2. Non-Expert Testimony Regarding Emotional Distress Is Admissible

Consistent with its holding that a plaintiff may recover emotional distress damages based solely on non-expert testimony, the Ninth Circuit has repeatedly held that a non-expert witness may properly testify regarding their own or another party's physical or mental state, including emotional distress, where that testimony is rationally based on the witness's perception and on ordinary experience. For example, in the 2019 case *Crawford v. City of Bakersfield*, the Ninth Circuit held that a witness's testimony that her son had exhibited symptoms of mental illness, including talking to himself and wandering in the streets, was not an improper lay opinion regarding a mental health diagnosis but rather was admissible under Rule 701. *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019).

Similar holdings from the Ninth Circuit permitting non-expert testimony as to an individual's mental state are found in *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (a lay witness may give opinion

testimony regarding the witness' own health or physical condition); *Bilby v. Schweiker*, 762 F.2d 716, 719, fn. 3 (9th Cir. 1985) (a witness may testify about the health or physical condition of another if such testimony is based on the witness' personal observations); *Phillips v. U.S.*, 356 F.2d 297, 307–08 (9th Cir. 1965) (a non-expert witness's testimony as to her state of mind is not improper lay opinion testimony); *Paskvan v. Mesich*, 227 F.2d 646, 650 (9th Cir. 1955) (testimony of lay witnesses that they considered plaintiff incompetent from time he had sustained head injury was relevant, material and competent); and *Jones v. Warmee*, 225 F.2d 258, 260 (9th Cir. 1955) ("It does not require an expert to tell whether a person suffers. The appearance of a person who suffers severely is sufficient to manifest his condition to anyone of ordinary intelligence and experience.").

    Other federal circuits have made similar applications of Rule 701, including *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565–66 (7th Cir. 2006) (a lay witness may express an opinion on the issue of another person's mental state or sanity (e.g., that he "looked depressed") if the opinion is rationally based on the witness' perceptions); *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 90 (2nd Cir. 2006) (lay testimony may be admissible to establish the cause of pain and suffering and also to establish a basis for an award of damages—plaintiff could testify that he experienced pain upon hearing train blasts that made his ears ring); and *John Hancock Mutual Life Ins. Co. v. Dutton*, 585 F.2d 1289, 1293–94 (5th Cir. 1978) (a lay witness may testify about another's feelings or subjective state of mind if the witness' opinion is based on personal observations and is helpful to the jury).

Other courts in the Central District have also specifically held that a plaintiff's testimony that his emotional distress *resulted from* the illegal conduct of the defendant is not barred by Rule 701. In *Grigoryan v. Experian Info. Sols., Inc.*, the Central District court held that the plaintiff's testimony that "he suffered emotional distress *as a result of* the ongoing struggle in which he engaged to correct [defendant's illegal conduct]" was admissible because it did "not constitute expert testimony; he merely relates firsthand how defendants' alleged violations made him feel." *Grigoryan v. Experian Info. Sols., Inc.*, 84 F.Supp.3d 1044, 1089, fn. 199 (C.D. Cal. 2014) (emphasis added).

Similarly, in *Nelson v. Equifax Info. Servs., LLC*, the Central District court specifically held that

> Based on Ninth Circuit precedent, the Court finds that Nelson's testimony alone can sufficiently establish emotional distress damages, such that a jury could find in her favor on that issue. Specifically, Nelson testified at her deposition that, *as a result of* the disputed Account repeatedly reappearing on her credit report, she feels stigmatized, has fights with her partner, difficulty sleeping, recurring fear, vomiting, and sick stomach.

*Nelson v. Equifax Info. Servs., LLC*, 522 F.Supp.2d 1222, 1235 (C.D. Cal. 2007) (emphasis added).

Even while Defendant fails to cite any case from the Ninth Circuit, none of the cases Defendant does cite supports the proposition that only an expert may testify as to a party's mental state. As set forth in the authorities above, Plaintiff and his family members' testimony as to Plaintiff's mental state, including his emotional distress, is admissible under Rule 701 as non-expert opinion evidence.

### C. Non-Expert Testimony Regarding Emotional Distress Is Not Barred by Rule 403 Because It Would Not Create Unfair Prejudice

Defendant asserts in its Motion that non-expert testimony regarding Plaintiff's emotional distress is barred by F.R.E. 403 because its probative value would be substantially outweighed by the risk of unfair prejudice to Defendant. Defendant does not cite a single case in support of its argument.

More critically, Defendant fails to explain why evidence of Plaintiff's emotional distress would create unfair prejudice to Defendant. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." F.R.E. 403, Advisory Committee Notes to the 1972 Proposed Rules. The only reason Defendant suggests for why Plaintiff's evidence of his emotional distress would be improper is "the risk that the jury would find evidence such credible [sic], even though the law holds it is not." (Motion at p. 6.) Defendant provides no authority or rationale for its assertion that evidence of emotional distress is not credible. Defendant's argument appears to simply beg the question, assuming that the evidence in question is inadmissible as a basis for arguing that it should be held inadmissible.

The jury's believing Plaintiff's evidence does not constitute unfair prejudice to Defendant. "Rule 403 does not protect a party from all prejudice, only unfair prejudice." *U.S. ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1275 (10th Cir. 2023) (internal quotes and

citation omitted). The jury is entitled to believe Plaintiff's evidence about his emotional distress, even if that means it finds against Defendant and awards Plaintiff damages.

## IV. CONCLUSION

Non-expert opinion testimony is governed by F.R.E. Rule 701, which states that it is admissible as long as it is rationally based on perceived events, is helpful, and is based on ordinary knowledge. The Ninth Circuit has repeatedly held that non-expert testimony that meets those criteria is admissible even when it goes to a party's emotional distress and the causation of that emotional distress. There is no basis to bar Plaintiff's evidence of his emotional distress simply because Plaintiff has not designated an expert. Likewise, there is no credible basis to believe that Plaintiff's evidence of emotional distress would unfairly prejudice Defendant under F.R.E. 403. Therefore, Plaintiff respectfully requests that the Court deny Defendant's Motion in Limine Number 1.

Dated: September 26, 2024

GOMM LAW

By: *Russell Gomm* (signature)
Russell Gomm
Attorneys for Plaintiff