GOMM LAW
Russell Gomm, SBN 231056
russell@gomm.law
510 N Darwood Ave
San Dimas, CA 91773
Tel: 213.254.5759

Attorneys for Plaintiff
THOMAS SAYLOR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SAYLOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GUICE OFFSHORE LLC, a corporation, et al.,<br><br>Defendants. | Case No. 2:23-cv-03447 MRA (MARx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2**<br><br>Trial Date:     (None set)<br>FPTC:           October 17, 2024 3:00 p.m.<br>Courtroom:  10B<br>Complaint filed:     March 15, 2023 |

Plaintiff hereby submits the following Opposition to Defendant Guice Offshore LLC's ("Defendant") Motion in Limine No. 2 for an order precluding Plaintiff and his counsel from introducing at trial any evidence regarding the causation of his future lost wages ("Motion").

**I.    INTRODUCTION**

Defendant improperly seeks to bar Plaintiff from presenting evidence of his future lost wages. Defendant asserts that expert testimony is required to establish a right to front pay, but Defendant fails to provide

any legal authority for this proposition. Defendant also fails to point to any unfair prejudice it would suffer from Plaintiff's evidence. Plaintiff''s evidence of his intent to work for Defendant some two years after the date of trial in this matter is within his own personal knowledge and does not seek to establish a right to front pay too far into the future. There is no basis to prevent Plaintiff from presenting competent evidence going to his future lost wages.

## II.   RELEVANT FACTS

Plaintiff was employed by Defendant from April 2022 to October 2022. Plaintiff intends to offer testimony that he intended to work for Defendant until age 65, in July 2027.

## III.   LEGAL ANALYSIS

### A. There Is No Basis to Bar Plaintiff's Evidence Regarding His Future Lost Wages

#### 1. Defendant Has Provided No Legal Authority That Expert Testimony Is Required for an Award of Front Pay

None of the cases Defendant cites in its Motion holds that expert testimony is required for award of front pay.

In *Donlin*, the court did not hold that expert testimony was required for an award of front pay. Rather, the holding of the court was that some of the plaintiff's testimony regarding her front pay calculations was improper because it "was of a specialized or technical nature and was not within Donlin's personal knowledge." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 83 (3d Cir. 2009). The improper testimony

comprised "her estimate of the annual pay raises at Philips, her estimated pension value, and the discounts she made for the probability of death and to find the present value of the award." *Id*.

In *Horsford*, the court did not hold that expert testimony was necessary for an award of front pay. Rather, the court's holding was that the trial court was reasonable in reducing the jury's award of front pay from ten years to two years because the plaintiff's testimony did not support that he would have worked at the defendant (not past age 50) for as long as the plaintiff's expert had assumed (to age 55). *Horsford v. Bd. of Trustees of California State Univ.*, 132 Cal. App. 4th 359, 388–89 (2005).

In *Mize-Kurzman*, no part of the court's holding concerned front pay at all. The only reference to front pay in the opinion is in an informational footnote completely unrelated to the issues actually before the court in that case (retirement benefits as a collateral income source). *Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal. App. 4th 832, 873, fn. 17 (2012) (disapproved of by *People ex rel. Garcia-Brower v. Kolla's, Inc.*, 14 Cal. 5th 719 (2023)). Even in the footnote, which is entirely dicta, the only relevant statements about front pay are that it is "measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed or likely to retire, where reemployment is unlikely" and that "the claimant's work and life expectancy are factors pertinent to the front pay determination." *Id*.

Similarly, in *Newtown*, the court's holding did not deal with front pay or any other employment issue. The sole statement Defendant appears to cite the case for is that "witnesses must testify to facts and not to their

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2
Page 3

1 opinions or conclusions." *Newton v. Los Angeles Transit Lines*, 107 Cal.
2 App. 2d 624, 626 (1951).
3       In *Toscano*, the court did not hold that expert testimony was
4 necessary for an award of front pay. Rather, the court's holding was that "a
5 plaintiff's lost future wages from the former at-will employer are
6 recoverable under a promissory estoppel theory as long as they are not
7 speculative or remote, and are supported by substantial evidence." *Toscano
8 v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004). As to the particular
9 evidence offered in that case, the court held that it was too speculative to
10 support an award of sixteen years' front pay. *Id*. at 696–97.
11      Similarly, in *Piscitelli*, the court did not hold that expert testimony
12 was necessary for an award of front pay. Rather, the court's holding was
13 that part of the expert's testimony about the plaintiff's projected
14 commissions was not supported by the evidence. *Piscitelli v. Friedenberg*,
15 87 Cal. App. 4th 953, 990 (2001).
16      Also in *Kids' Universe*, the court did not hold that expert testimony
17 was necessary for an award of front pay. Rather, the court's holding was
18 that the evidence presented there regarding the future profitability of a
19 website in 1995 was not sufficiently reliable to make it "reasonably certain"
20 that the website would have been profitable. *Kids' Universe v. In2Labs*, 95
21 Cal. App. 4th 870, 887–88 (2002).

### 2. Plaintiff Does Not Seek to Offer Improper Evidence

24      Here, in contrast to the cases cited above, Plaintiff does not seek to
25 offer unqualified expert testimony and does not seek amounts far into the

future that would not be supported by the evidence. Plaintiff will offer testimony within his personal knowledge regarding his intention to work at Defendant until age 65, in 2027. Because the period for potential front pay damages is only two years, there is little need for complex calculations regarding life expectancy, etc. Thus, there is no basis to bar Plaintiff's evidence regarding the causation of his future lost wages.

### B. Evidence Regarding Future Lost Wages Is Not Barred by Rule 403 Because It Would Not Create Unfair Prejudice

Defendant asserts evidence regarding the causation of Plaintiff's future lost wages is barred by F.R.E. 403 because its probative value would be substantially outweighed by the risk of unfair prejudice to Defendant. Defendant does not cite a single case in support of its argument.

More critically, Defendant fails to explain why evidence of Plaintiff's future lost wages would create unfair prejudice to Defendant. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." F.R.E. 403, Advisory Committee Notes to the 1972 Proposed Rules. The only reason Defendant suggests for why Plaintiff's evidence of his future damages would be improper is "the risk that the jury would find evidence such credible [sic], even though the law holds it is not." (Motion at p. 7.) Defendant provides no authority or rationale for its assertion that Plaintiff's evidence is not credible. Defendant's argument appears to simply beg the question, assuming that the evidence in question is inadmissible as a basis for arguing that it should be held inadmissible.

The jury's believing Plaintiff's evidence does not constitute unfair prejudice to Defendant. "Rule 403 does not protect a party from all prejudice, only unfair prejudice." *U.S. ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1275 (10th Cir. 2023) (internal quotes and citation omitted). The jury is entitled to believe Plaintiff's evidence about his future lost wages.

### IV.  CONCLUSION

There is no basis to preclude Plaintiff's evidence of his lost wages some two years into the future. There is no requirement that expert testimony must be presented to recover future lost wages. There is no reason to believe Defendant would suffer unfair prejudice from Plaintiff's evidence. Plaintiff therefore respectfully requests that the Court deny Defendant's Motion in Limine Number 2.

Dated: September 26, 2024                    GOMM LAW

By: *Russell Gomm* (signature)
Russell Gomm
Attorneys for Plaintiff