GOMM LAW
Russell Gomm, SBN 231056
russell@gomm.law
510 N Darwood Ave
San Dimas, CA 91773
Tel: 213.254.5759

Attorneys for Plaintiff
THOMAS SAYLOR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SAYLOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GUICE OFFSHORE LLC, a corporation, et al.,<br><br>Defendants. | Case No. 2:23-cv-03447 MRA (MARx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**<br><br>(Filed concurrently with Declaration of Russell Gomm)<br><br>Trial Date:   (None set)<br>FPTC:           October 17, 2024 3:00 p.m.<br>Courtroom:  10B<br>Complaint filed:     March 15, 2023 |

Plaintiff hereby submits the following Opposition to Defendant Guice Offshore LLC's ("Defendant") Motion in Limine No. 3 for an order precluding Plaintiff from introducing documents produced after the discovery cutoff ("Motion").

## I.    INTRODUCTION

Plaintiff seeks to use at trial two categories of documents that were disclosed to Defendant after the close of discovery in this matter: 1) income statements from Plaintiff's self-employment with Lyft and Uber from after October 2023, and 2) four photos of the ship where Plaintiff worked from Defendant's own and two other popular public websites. Exclusion of these documents is not warranted because their late production is justified and/or harmless. Plaintiff previously produced the same income statements for earlier periods; further, most of the income documents are from periods after the close of discovery. The ship photos simply show the general appearance of the area where Plaintiff worked and are publicly available, including having been made so by Defendant itself. Defendant does not articulate any prejudice it would suffer from the admission of these documents, and indeed it would suffer none. There is no valid basis to exclude these documents.

## II.    RELEVANT FACTS

On October 30, 2023, prior to the discovery cutoff in this matter, Plaintiff produced to Defendant his income statements from his self-employment with Lyft and Uber for the period May 2023 to October 2023, Bates numbered SAYLOR000142–312. (Declaration of Russell Gomm ("Gomm Dec."), filed concurrently herewith, ¶ 2 and Ex. A.)

On September 3, 2024, Plaintiff produced to Defendant his income statements from his self-employment with Lyft and Uber for the period October 2023 to September 2024, Bates numbered SAYLOR000470–868. (Gomm Dec., ¶ 3 and Ex. B.)

On September 10, 2024, Plaintiff produced to Defendant four photos from public websites of the ship that Plaintiff worked on while employed by Defendant, Bates numbered SAYLOR000869–782. The first two of these photos, SAYLOR000869–870, were downloaded from Defendant's public website at "https://www.guiceoffshore.com/fleet/go-quest/." The third photo, SAYLOR000871, was downloaded from the public website "https://space-offshore.com/go-quest/." The fourth photo, SAYLOR000872, was downloaded from the public website "https://x.com/SpaceOffshore/status/1444397382003793927/photo/1." (Gomm Dec., ¶¶ 4–6 and Ex. C–E.)

Of the documents addressed in Defendant's Motion, Plaintiff does not intend to introduce any documents other than those stated above.

### III. LEGAL ANALYSIS

#### A. Exclusion of Late-Disclosed Information Is Not Warranted When It Is Justified or Harmless

Information produced after the close of discovery is not subject to exclusion if its late production was justified or harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "[T]he mere fact that supplemental information is provided … after the discovery cutoff date is not dispositive." *Dayton Valley Inv'rs, LLC v. Union Pacific R.R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010).

The factors to be considered in deciding whether to impose Rule 37(c)(1)'s exclusion sanction are (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

1 risk of prejudice to the other parties, (4) the public policy favoring
2 disposition of cases on their merits, and (5) the availability of less drastic
3 sanctions. *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir.
4 1997).

5 Many district courts have applied *Wendt*'s factors in situations
6 similar to this case to find that no exclusion of evidence was warranted,
7 including *Pasiecznik v. Home Depot*, No. 2:20-CV-02202-RFB-BNW,
8 2023 WL 5624008, at *4 (D. Nev. Aug. 31, 2023) (failure to provide
9 sufficient summaries of treating providers' opinions was harmless because
10 the opposing party was on notice of the opinions before the close of
11 discovery, the opposing party had time to cure any prejudice in terms of
12 obtaining counter evidence, no trial date had been set, and the court had
13 not yet ruled on any motion based on the evidence); *Krause v. Hawaiian*
14 *Airlines, Inc.*, No. 2:18-CV-00928 JAM AC, 2019 WL 13225251, at *5
15 (E.D. Cal. June 7, 2019) (failure to disclose experts was harmless because
16 trial date could remain the same, permitting the late evidence would
17 facilitate disposition of the case on its merits, and the less drastic sanction
18 was available of requiring the disclosing party to promptly comply with
19 the disclosure rules); and *Munn v. Hotspur Resorts Nevada, Inc.*, No.
20 219CV00693GMNNJK, 2020 WL 7323345, at *5 (D. Nev. Oct. 20,
21 2020) (late disclosures of documents were harmless because permitting the
22 disclosing party to use them would not impact the timing of the case,
23 would not be severely prejudicial to the opposing party since it had already
24 been aware of the category of information in the documents, allowing the
25

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3
Page 4

evidence would facilitate resolution on the merits, and less drastic sanctions were available).

### B. Plaintiff's Late Disclosure of Income Statements Is Justified and Harmless

The majority of the late disclosed income statements from Lyft and Uber are justified by the fact that they did not exist until after the close of discovery. A party should not be sanctioned for late disclosure of information when the information was not available to them earlier. *Munn*, 2020 WL 7323345, at *3. Plaintiff could not have produced most of the documents SAYLOR000470–868 prior to the close of discovery in December 2023 because they are from subsequent periods (following the close of discovery, through the date of production in September 2024).

In addition, the late production of the income statements is harmless. There is generally no prejudice where the untimely evidence does not raise any new issues in the case. *See Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*, 2007 WL 433547, at *2 (D. Haw. Feb. 5, 2007). Here, Plaintiff had previously produced the same income statements from Lyft and Uber from earlier periods prior to the discovery cutoff. (Gomm Dec., ¶ 2 and Ex. A (income statements from May 2023–October 2023).) The only new information contained in the late-produced documents is the particular amounts that Plaintiff received in the later periods. No new issues at all are raised by these documents. There is no need for Defendant to conduct additional discovery. There is no additional motion Defendant could have made or relief it could have requested had these documents been produced earlier. No trial date has been set in this matter, and there is

no reason to alter the trial date setting based on the disclosure of these documents. Defendant is simply not harmed or prejudiced in any way by Plaintiff's use of these documents to show his efforts to mitigate his damages and facilitate resolution of this matter based on its merits.

### C. Plaintiff's Late Disclosure of Photos of Defendant's Ship From Public Websites Is Harmless

Plaintiff's disclosure of pictures of Defendant's ship from Defendant's own and other popular public websites is harmless. Defendant is not prejudiced by Plaintiff's use of photos that show the general area where the events in this matter occurred and give the jury an idea of the physical setting. No new issues are raised by these photos. There is no need for Defendant to conduct additional discovery. There is no additional motion Defendant could have made or relief it could have requested had these documents been produced earlier. No trial date has been set in this matter, and there is no reason to alter the trial date setting based on the disclosure of these documents. Defendant is simply not harmed or prejudiced in any way by Plaintiff's use of these documents.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in Limine Number 3.

Dated: September 26, 2024

GOMM LAW

By: /s/ Russell Gomm
Russell Gomm
Attorneys for Plaintiff