1  GOMM LAW
2  Russell Gomm, SBN 231056
   russell@gomm.law
3  510 N Darwood Ave
4  San Dimas, CA 91773
   Tel: 213.254.5759
5
   Attorneys for Plaintiff
6  THOMAS SAYLOR
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11 THOMAS SAYLOR, an              Case No. 2:23-cv-03447 MRA (MARx)
   individual,
12                                **PLAINTIFF'S OPPOSITION TO**
        Plaintiff,                **DEFENDANT'S MOTION IN**
13                                **LIMINE NO. 5**
   vs.
14                                Trial Date:   (None set)
15 GUICE OFFSHORE LLC, a          FPTC:         October 17, 2024 3:00 p.m.
   corporation, et al.,           Courtroom:  10B
16                                Complaint filed:   March 15, 2023
        Defendants.
17

18      Plaintiff hereby submits the following Opposition to Defendant

19 Guice Offshore LLC's ("Defendant") Motion in Limine No. 5 for an

20 order bifurcating trial and excluding evidence of GO's financial condition

21 prior to a determination by the jury that Plaintiff is entitled to an award of

22 damages and that Defendant is also guilty of malice, oppression or fraud.

23 **I.   INTRODUCTION**

24      Defendant has not met its burden of showing that bifurcation is

25 necessary. In this case, Defendant's conduct that justifies an award of

1  punitive damages is not separate from the conduct that demonstrates

2  Plaintiff is entitled to compensatory damages. Thus, the issues underlying

3  potential compensatory and punitive damages in this case overlap nearly

4  completely, and judicial economy would be better served by

5  non-bifurcation. Defendant has also failed to provide any reason to believe

6  it would be prejudiced by the jury's considering compensatory and

7  punitive damages at the same time. There is no need to bifurcate the trial

8  in this matter.

9  **II.    RELEVANT FACTS**

10         Defendant employed Plaintiff as a deckhand on a ship from April

11  2022 until it terminated Plaintiff in October 2022. Plaintiff, who is

12  African American, alleges that during his employment, the captain of the

13  ship, who is caucasian, taunted and humiliated him nearly ceaselessly for

14  months based on Plaintiff's not eating pork or shellfish because of his

15  belief in the Bible. Plaintiff complained to the captain that the taunting

16  and humiliation was not appreciated and not appropriate, but the captain

17  refused to stop. (Plaintiff's Complaint, Docket No. 1-1 at p. 7, ¶ 1; pp.

18  10–11, ¶¶ 12–19.)

19         Plaintiff alleges that in September 2022, the captain threw away

20  Plaintiff's beef bacon which had been stored in the ship's common freezer.

21  Plaintiff alleges that when Plaintiff confronted the captain about throwing

22  away his beef bacon, the captain called Plaintiff the "n-word." Defendant

23  terminated Plaintiff after the Plaintiff's next regular off-ship leave, claiming

24  that the ship no longer needed a deckhand. (Plaintiff's Complaint, Docket

25  No. 1-1 at p. 7, ¶¶ 1–2; pp. 11–12, ¶¶ 20–21.)

## III.    RELEVANT LAW

In federal court, "the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (internal citations omitted). The primary reason for this is that "the evidence usually overlaps substantially" between the two phases. *Id*. Such is certainly the case here. Plaintiff's captain's conduct in harassing him about his food on racial and religious grounds, throwing away his special food, calling him the "n-word," and then terminating his employment on false reasons serves as primary evidence of both Plaintiff's right to compensatory damages and to punitive damages.

The party seeking bifurcation bears the burden of showing why it is necessary. *See Cleveland v. Behemoth*, No. 319CV00672RBMBGS, 2022 WL 5313429, at *2 (S.D. Cal. Oct. 6, 2022). Here, the only arguments Defendant makes as to why trial should be bifurcated in this matter (other than its specious argument that the California Code of Civil Procedure should control) is that "the trier of fact may confuse the issues" or that "evidence regarding GO's financial condition and/or net worth may tend to prejudice the jury." Defendant does not elaborate or provide any reasons to believe that such confusion or prejudice will arise. As in the *Cleveland* case, Defendant here has not met its burden to show that bifurcation is necessary.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in Limine Number 5.

Dated: September 26, 2024                    GOMM LAW

By: _____

Russell Gomm
Attorneys for Plaintiff