Russell Gomm (SBN 231056)
  E-Mail: russell@gomm.law
GOMM LAW
510 N. Darwood Avenue
San Dimas, CA 91773
Telephone: (213) 254-5759

Attorneys for Plaintiff THOMAS SAYLOR

William O. Stein (SBN 150124)
  E-Mail: wstein@fisherphillips.com
Talar Tavlian (SBN 238538)
  E-Mail: ttavlian@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street
Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant GUICE OFFSHORE,
LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THOMAS SAYLOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GUICE OFFSHORE LLC, a corporation, and DOES 1 through 25,<br><br>Defendants. | CASE NO.: 2:23-cv-03447-MRA (MARx)<br><br>*[Removed from Los Angeles County Superior Court, Case No.: 23STCV05738]*<br><br>**DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED**<br><br>Complaint Filed: March 15, 2023<br>Trial Date: None set |

FP 52431874.1

# DISPUTED PROPOSED JURY INSTRUCTIONS

In accordance with the Court's scheduling order and Local-Rule 16.1 *et seq.*, Plaintiff Thomas Saylor ("Plaintiff") and Defendant Guice Offshore LLC ("Defendant") hereby submit their disputed proposed jury instructions as follows:

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1. | Charts and Summaries Not Received in Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.14 | 4 |
| 2. | Charts and Summaries Received in Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15 | 5 |
| 3. | Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) | CACI 3905A | 6 |
| 4. | Prejudgment Interest | CACI 3935 | 7 |
| 5. | Special Instruction no. 1 | | 9 |
| 6. | Special Instruction no. 2 | | 10 |
| 7. | Special Instruction no. 3 | | 11 |
| 8. | Special Instruction no. 4 | | 12 |
| 9. | Special Instruction no. 5 | | 13 |
| 10. | Special Instruction no. 6 | | 14 |
| 11. | Special Instruction no. 7 | | 15 |
| 12. | Special Instruction no. 8 | | 16 |
| 13. | Special Instruction no. 9 | | 17 |
| 14. | Special Instruction no. 10 | | 18 |
| 15. | Special Instruction no. 11 | | 19 |

1

2

DATE:  September 27, 2024                    GOMM LAW

3                                                        By:  */s/ Russell Gomm*

4                                                        Russell Gomm
                                                         Attorneys for Plaintiff
5                                                        THOMAS SAYLOR

6

7

DATE:  September 27, 2024                    FISHER & PHILLIPS LLP

8                                                        By:  */s/ Talar Tavlian*

9                                                        Talar Tavlian
                                                         Attorneys for Defendant
10                                                       GUICE OFFSHORE LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

# I.  PLAINTIFF'S PROPOSED INSTRUCTIONS DISPUTED BY DEFENDANT

## Plaintiff's Proposed Instruction Disputed by Defendant, No. 1.

## 2.14  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

This instruction applies only when the charts and summaries are not admitted into evidence and are used for demonstrative purposes.  Demonstrative materials used only as testimonial aids should not be permitted in the jury room or otherwise used by the jury during deliberations.  *See United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) (citing *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984)); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013).

FP 52431874.1

## Plaintiff's Proposed Instruction Disputed by Defendant, No. 2.

### 2.15  CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

This instruction applies when the charts and summaries are received into evidence.  *See United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012) ("[T]he proponent of a summary must demonstrate the admissibility of the underlying writings or records summarized, as a condition precedent to introduction of the summary into evidence under [Fed. R. Evid. Evid.] 1006.") (quoting *United States v. Johnson*, 594 F.2d 1253, 1257 (9th Cir. 1979)); *United States v. Rizk*, 660 F.3d 1125, 1130-31 (9th Cir. 2011); *see also* Fed. R. Evid. 1006; JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013).  This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

FP 52431874.1

## Plaintiff's Proposed Instruction Disputed by Defendant, No. 3.

### 3905A. Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage)

[*Insert number, e.g., "1."*] [Past] [and] [future] [physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress/[*insert other damages*]].

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

[To recover for future [*insert item of pain and suffering*], [name of plaintiff]Thomas Saylor must prove that he[he/she/*nonbinary pronoun*] is reasonably certain to suffer that harm.

For future [*insert item of pain and suffering*], determine the amount in current dollars paid at the time of judgment that will compensate [name of plaintiff]Thomas Saylor for future [*insert item of pain and suffering*]. [This amount should not be further reduced to present cash value.]]

FP 52431874.1

## **Plaintiff's Proposed Instruction Disputed by Defendant, No. 4.**

### **3935. Prejudgment Interest (Civ. Code, § 3288)**

If you decide that [name of plaintiff]Thomas Saylor is entitled to recover damages for past economic loss in one or more of the categories of damages that [he/she/*nonbinary pronoun*/it]he claims, then you must decide whether [he/she/*nonbinary pronoun*/it]he should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether [name of plaintiff]Thomas Saylor should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to [name of plaintiff]Thomas Saylor, you will be asked to address prejudgment interest in the special verdict form.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED
FP 52431874.1

## II.    FACTUAL OR LEGAL BASIS FOR DEFENDANT'S POSITION REGARDING DISPUTE AS TO PLAINTIFF'S PROPOSED INSTRUCTIONS

Defendant disputes Plaintiff's proposed instructions of Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 2.14 and 2.15 on the grounds that these instructions are unnecessary since no charts or summaries are required for this straight forward employment case.    Introducing charts or summaries can improperly confuse the jury.    No charts or summaries have been produced in discovery and accordingly should not be used a trial.

Defendant disputes Plaintiff's proposed instruction of CACI 3905A because Plaintiff wants to include the following language in the bracket therein:

1. Past and future loss of enjoyment of life

2. Past and future inconvenience

3. Past and future grief

4. Past and future anxiety

5. Past and future humiliation

6. Past and future emotional distress

Such language is highly objectionable and prejudicial because it is duplicative, superfluous and/or cumulative and improperly attempts to award Plaintiff duplicate damages for the same alleged harm.

Defendant disputes Plaintiff's proposed instruction of CACI 3935 because the directions indicate to "[g]ive this instruction if the court determines that the jury may award prejudgment interest."  Such a determination has not yet been made and the instruction is premature at this time and should not be given.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

FP 52431874.1

## III. DEFENDANT'S PROPOSED INSTRUCTIONS DISPUTED BY PLAINTIFF

### Special Instruction No. 1

"Retaliation claims are inherently fact-specific, and the impact of an employer's action in a particular case must be evaluated in context . . . [T]he determination of whether a particular action or course of conduct rises to the level of actionable conduct should take into account the unique circumstances of the affected employee as well as the workplace context of the claim."

*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1052.

**Special Instruction No. 2**

"'Standing alone, an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation, where there is no evidence the employer knew that the employee's opposition was based upon a reasonable belief that the employer was engaging in discrimination.' '[C]omplaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct.'"

*Castro-Ramirez v. Dependable Highway Express, Inc.* (2016) 2 Cal.App.5th 1028, 1046, internal citation omitted.

1

## Special Instruction No. 3

2

3    "While a complainant need not prove that [discriminatory] animus was the sole

4    motivation behind a challenged action, he must prove by a preponderance of the

5    evidence that there was a 'causal connection' between the employee's protected

6    status and the adverse employment decision."

7

8    *Mixon v. Fair Employment and Housing Com.* (1987) 192 Cal.App.3d 1306, 1319.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

FP 52431874.1

**Special Instruction No. 4**

"Requiring the plaintiff to show that discrimination was a substantial motivating factor, rather than simply a motivating factor, more effectively ensures that liability will not be imposed based on evidence of mere thoughts or passing statements unrelated to the disputed employment decision. At the same time, . . . proof that discrimination was a *substantial factor* in an employment decision triggers the deterrent purpose of the FEHA and thus exposes the employer to liability, even if other factors would have led the employer to make the same decision at the time."

*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232, emphasis in original.

**Special Instruction No. 5**

"The plaintiff's burden is to prove, by competent evidence, that the employer's proffered justification is mere pretext; i.e., that the presumptively valid reason for the employer's action was in fact a coverup. . . . In responding to the employer's showing of a legitimate reason for the complained-of action, the plaintiff cannot " 'simply show the employer's decision was wrong, mistaken, or unwise. Rather, the employee ' "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them "unworthy of credence," . . . and hence infer "that the employer did not act for the [asserted] non-discriminatory reasons."

*Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1409.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED
FP 52431874.1

# Special Instruction No. 6

"[A] plaintiff in a discrimination case must show discrimination, not just that the employer's decision was wrong, mistaken, or unwise. . . . ' "The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason. . . . 'While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is . . . whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason . . . does not have to be a reason that the judge or jurors would act on or approve.'"

*Veronese v. Lucasfilm Ltd.* (2012) 212 Cal.App.4th 1, 21, internal citation omitted; *Hersant v. Dept. of Social Services* (1997) 57 Cal.App.4th 997, 1005.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

**Special Instruction No. 7**

"What constitutes satisfactory performance is of course a question ordinarily vested in the employer's sole discretion. An employer is free to set standards that might appear unreasonable to outside observers, and to discipline employees who fail to meet those standards, so long as the standards are applied evenhandedly. But that does not mean that an employer conclusively establishes the governing standard of competence in an employment discrimination action merely by asserting that the plaintiff's performance was less than satisfactory. Evidence of the employer's policies and practices, including its treatment of other employees, may support a contention, and an eventual finding, that the plaintiff's job performance did in fact satisfy the employer's own norms."

*Cheal v. El Camino Hospital* (2014) 223 Cal.App.4th 736, 742–743.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

FP 52431874.1

**Special Instruction No. 8**

"The working environment must be evaluated in light of the totality of the circumstances: '[W]hether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"

*Miller v. Dept. of Corrections* (2005) 36 Cal.4th 446, 462.

16

**Special Instruction No. 9**

"[T]he adjudicator's inquiry should center, dominantly, on whether the discriminatory conduct has unreasonably interfered with the plaintiff's work performance. To show such interference, 'the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment.' It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to 'make it more difficult to do the job.'"

*Harris v. Forklift Sys.* (1993) 510 U.S. 17, 25, conc. opn. of Ginsburg, J.; see Gov. v. Code, § 12923(a).

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

## Special Instruction No. 10

"The work environment must be viewed from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' This determination requires judges and juries to exercise '[c]ommon sense, and an appropriate sensitivity to social context' in order to evaluate whether a reasonable person in the plaintiff's position would find the conduct severely hostile or abusive."

*Beyda v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 518–519.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

FP 52431874.1

**Special Instruction No. 11**

"[L]iability [for intentional infliction of emotional distress] 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . . There is no occasion for the law to intervene . . . where someone's feelings are hurt.'"

*Agarwal v. Johnson* (1979) 25 Cal.3d 932, 946.

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

FP 52431874.1

## IV.    FACTUAL OR LEGAL BASIS FOR PLAINTIFF'S POSITION REGARDING DISPUTE AS TO DEFENDANT'S PROPOSED INSTRUCTIONS

Plaintiff objects to Defendant's proposed instructions on the following grounds.

Defendant's proposed Special Instruction Number 1 regarding retaliation contains essentially no information and simply states the obvious, that whether certain conduct constitutes retaliation depends on the specific facts involved. The jury will be obviously be hearing the specific facts at issue. Simply pointing that out adds nothing helpful to the analysis given in the CACI instructions and can only serve to confuse.

Defendant's proposed Special Instruction Number 2 regarding discrimination and retaliation simply restates the analysis already provided by the CACI instructions. In so doing, it also confuses the issues that may be the basis of complaints. Specifically, "personal grievances" could be taken to refer to harassing or discriminatory conduct that actually is a valid basis for complaint. In addition, the proposed instruction contains unnecessarily technical diction—e.g., "an employee's unarticulated belief," "will not suffice to establish protected conduct," "prima facie case of retaliation." Further, the length and complex syntax of the sentences make them difficult to follow and understand.

Defendant's proposed Special Instruction Number 3 regarding discriminatory motivation simply restates the substance of the CACI instructions and contains overly technical diction—e.g., "discriminatory animus," "causal connection," "adverse employment decision."

Defendant's proposed Special Instruction Number 4 regarding discriminatory motive simply restates the substance of the CACI instructions. It also contains overly technical diction ("more effectively ensures liability will not be imposed," "triggers the deterrent purpose of the FEHA") and unnecessary

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

reference to legal concepts.

Defendant's proposed Special Instruction Number 5 regarding discriminatory motive simply restates the substance of the CACI instructions. It also contains overly technical diction ("competent evidence," "proffered justification," "pretext," "presumptively valid").

Defendant's proposed Special Instruction Number 6 regarding discriminatory motive simply restates the substance of the CACI instructions, creating unnecessarily duplication and thereby emphasis, improperly implying a greater burden on plaintiff than provided under the CACI language.

Defendant's proposed Special Instruction Number 7 regarding satisfactory performance improperly attempts to add additional considerations that are not part of the elements of plaintiff's claims. This unnecessary explanation of and emphasis on whether performance was satisfactory improperly implies that the jury should give special consideration to it. The proposed instruction also contains overly technical diction ("a question ordinarily vested in the employer's sole discretion," "an employer conclusively establishes the governing standard of competence," "may support a contention, and an eventual finding").

Defendant's proposed Special Instruction Numbers 8 and 10 regarding a hostile environment improperly attempts to add additional elements that plaintiff would have to establish to prove harassment. The CACI instructions already properly and adequately state the decision the jury is to make.

Defendant's proposed Special Instruction Number 9 regarding discrimination attempts to add elements not found in the CACI instructions. It also contains unnecessarily technical diction ("adjudicator's inquiry should center, dominantly," "prove that his or her tangible productivity has declined," "so altered working conditions").

Defendant's proposed Special Instruction Number 11 regarding infliction of emotional distress improperly changes the substance of the elements in the CACI

DISPUTED PROPOSED JURY INSTRUCTIONS - REDLINED

FP 52431874.1

instructions. The statement liability is not warranted "where someone's feelings are hurt" is vague and could be interpreted to contradict the CACI language.

DATE:  September 27, 2024                    GOMM LAW

                                            By: */s/ Russell Gomm*
                                                Russell Gomm
                                                Attorneys for Plaintiff
                                                THOMAS SAYLOR


DATE:  September 27, 2024                    FISHER & PHILLIPS LLP

                                            By: */s/  Talar Tavlian*
                                                William O. Stein
                                                Talar Tavlian
                                                Attorneys for Defendant
                                                GUICE OFFSHORE LLC

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 27, 2024, I served the following document(s) **DISPUTED PROPOSED JURY INSTRUCTIONS – REDLINED** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Russell Gomm                          Attorney for Plaintiff
GOMM LAW LLC                          THOMAS SAYLOR
510 N Darwood Ave
San Dimas, CA 91773                   Tel:     (213) 254-5759
                                      Email: russell@gomm.law

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 27, 2024, at Los Angeles, California.

Anh Tran                              By:  */s/ Anh Tran*
Print Name                                      Signature

1
PROOF OF SERVICE