Russell Gomm (SBN 231056)
   E-Mail:  russell@gomm.law
GOMM LAW
510 N. Darwood Avenue
San Dimas, CA 91773
Telephone: (213) 254-5759

Attorneys for Plaintiff THOMAS SAYLOR

William O. Stein (SBN 150124)
   E-Mail:  wstein@fisherphillips.com
Talar Tavlian (SBN 238538)
   E-Mail:  ttavlian@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant GUICE OFFSHORE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SAYLOR,<br><br>               Plaintiff,<br><br>    v.<br><br>GUICE OFFSHORE LLC,<br><br>               Defendant. | Case No. 2:23−cv−03447−MRA−MAR<br><br>**JOINT SPECIAL VERDICT FORM**<br><br>Final Pretrial Conf.: October 17, 2024<br>Trial Date: [Date/To Be Set at FPTC] |

We, the jury in the above-entitled action, find the following special verdict on the Questions submitted to us as follows:

-1-

FP 52393181.1

# VF-1

## RACE DISCRIMINATION - DISPARATE TREATMENT

1. Was Thomas Saylor's race a substantial motivating reason for Guice Offshore LLC's discharge of Thomas Saylor?

   ___ Yes      ___ No

*If your answer to Question 1 is "yes," then answer Question 2. If your answer to Question 1 is "no," then stop here and skip to Question 6.*

2. Was Thomas Saylor's poor job performance also a substantial motivating reason for Guice Offshore, LLC's discharge of Thomas Saylor?

   ___ Yes      ___ No

*If your answer to Question 2 is "yes," then answer Question 3. If your answer to Question 2 is "no," then skip Question 3 and answer Question 4.*

3. Would Guice Offshore LLC have discharged Thomas Saylor anyway at that time based on his poor job performance had Guice Offshore LLC not also been substantially motivated by discrimination?

   ___ Yes      ___ No

*If your answer to Question 3 is "yes," stop here and skip to Question 6.  If your answer to Question 3 is "no," then answer Question 4.*

4. Was Thomas Saylor harmed?

   ___ Yes      ___ No

*If your answer to Question 4 is "yes," then answer Question 5. If your answer to Question 4 is "no," then stop here and skip to Question 6.*

FP 52393181.1

5.     Was Guice Offshore LLC's conduct a substantial factor in causing Thomas Saylor's harm?

    ___ Yes      ___ No

*Regardless of how you answered Question 5, go to Question 6.*

# VF-2

## RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT

6. Was Thomas Saylor's religion a substantial motivating reason for Guice Offshore LLC's discharge of Thomas Saylor?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 6 is "yes," then answer Question 7. If your answer to Question 6 is "no," then stop here and skip to Question 11.*

7. Was Thomas Saylor's poor job performance also a substantial motivating reason for Guice Offshore, LLC's discharge of Thomas Saylor?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 7 is "yes," then answer Question 8. If your answer to Question 7 is "no," then skip Question 8 and answer Question 9.*

8. Would Guice Offshore LLC have discharged Thomas Saylor anyway at that time based on his poor job performance had Guice Offshore LLC not also been substantially motivated by discrimination?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 8 is "yes," stop here and skip to Question 11. If your answer to Question 8 is "no," then answer Question 9.*

9. Was Thomas Saylor harmed?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 9 is "yes," then answer Question 10. If your answer to Question 9 is "no," then stop here and skip to Question 11.*

10.     Was Guice Offshore LLC's conduct a substantial factor in causing Thomas Saylor's harm?

    ___ Yes    ___ No

*Regardless of how you answered Question 10, go to Question 11.*

FP 52393181.1

# VF-3
# WORK ENVIRONMENT HARASSMENT – CONDUCT DIRECTED AT PLAINTIFF – EMPLOYER OR ENTITY DEFENDANT

11. Was Thomas Saylor subjected to harassing conduct because of his race?

    ___ Yes      ___ No

*If your answer to Question 11 is "yes," then answer Question 12. If your answer to Question 11 is "no," then stop here and skip to Question 19.*

12. Was the harassing conduct severe or pervasive?

    ___ Yes      ___ No

*If your answer to Question 12 is "yes," then answer Question 13. If your answer to Question 12 is "no," then stop here and skip to Question 19.*

13. Would a reasonable person in Thomas Saylor's circumstances have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    ___ Yes      ___ No

*If your answer to Question 13 is "yes," then answer Question 14. If your answer to Question 13 is "no," then stop here and skip to Question 19.*

14. Did Thomas Saylor consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    ___ Yes      ___ No

FP 52393181.1

*If your answer to Question 14 is "yes," then answer Question 15. If your answer to Question 14 is "no," then stop here and skip to Question 19.*

15.   Did a supervisor of Thomas Saylor engage in the conduct?

     ___ Yes    ___ No

*If your answer to Question 15 is "yes," skip to question 17.  If your answer to Question 15 is "no," answer Question 16.*

16.   Did Guice Offshore LLC know or should Guice Offshore LLC have known of the harassing conduct?

     ___ Yes    ___ No

*If your answer to Question 16 is "yes," then answer Question 17. If your answer to Question 16 is "no," then stop here and skip to Question 19.*

17.   Was Thomas Saylor harmed?

     ___ Yes    ___ No

*If your answer to Question 17 is "yes," then answer Question 18. If your answer to Question 17 is "no," then stop here and skip to Question 19.*

18.   Was Guice Offshore LLC's conduct a substantial factor in causing Thomas Saylor's harm?

     ___ Yes    ___ No

*Regardless of how you answered Question 18, go to Question 19.*

FP 52393181.1

**VF-4**

**WORK ENVIRONMENT HARASSMENT – CONDUCT DIRECTED AT PLAINTIFF – EMPLOYER OR ENTITY DEFENDANT**

19. Was Thomas Saylor subjected to harassing conduct because of his religion?

    ___ Yes     ___ No

*If your answer to Question 19 is "yes," then answer Question 20. If your answer to Question 19 is "no," then stop here and skip to Question 27.*

20. Was the harassing conduct severe or pervasive?

    ___ Yes     ___ No

*If your answer to Question 20 is "yes," then answer Question 21. If your answer to Question 20 is "no," then stop here and skip to Question 27.*

21. Would a reasonable person in Thomas Saylor's circumstances have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    ___ Yes     ___ No

*If your answer to Question 21 is "yes," then answer Question 22. If your answer to Question 21 is "no," then stop here and skip to Question 27.*

22. Did Thomas Saylor consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    ___ Yes     ___ No

FP 52393181.1

*If your answer to Question 22 is "yes," then answer Question 23. If your answer to Question 22 is "no," then stop here and skip to Question 27.*

23. Did a supervisor of Thomas Saylor engage in the conduct?
    ___ Yes      ___ No

*If your answer to Question 23 is "yes," skip to question 25. If your answer to Question 23 is "no," answer Question 24.*

24. Did Guice Offshore LLC know or should Guice Offshore LLC have known of the harassing conduct?
    ___ Yes      ___ No

*If your answer to Question 24 is "yes," then answer Question 25. If your answer to Question 24 is "no," then stop here and skip to Question 27.*

25. Was Thomas Saylor harmed?
    ___ Yes      ___ No

*If your answer to Question 25 is "yes," then answer Question 26. If your answer to Question 25 is "no," then stop here and skip to Question 27.*

26. Was the Guice Offshore LLC's conduct a substantial factor in causing Thomas Saylor's harm?
    ___ Yes      ___ No

*Regardless of how you answered Question 26, go to Question 27.*

**VF-5**

**RETALIATION**

27. Did Thomas Saylor complain to his supervisor of harassment?

　　___ Yes　　___ No

*If your answer to Question 27 is "yes," then answer Question 28. If your answer to Question 27 is "no," then stop here and skip to Question 31.*

28. Was Thomas Saylor's complaint a substantial motivating reason for Guice Offshore LLC's decision to discharge Thomas Saylor?

　　___ Yes　　___ No

*If your answer to Question 28 is "yes," then answer Question 29. If your answer to Question 28 is "no," then stop here and skip to Question 31.*

29. Was Thomas Saylor harmed?

　　___ Yes　　___ No

*If your answer to Question 29 is "yes," then answer Question 30. If your answer to Question 29 is "no," then stop here and skip to Question 31.*

30. Was Guice Offshore LLC's conduct a substantial factor in causing harm to Thomas Saylor?

　　___ Yes　　___ No

*Regardless of how you answered Question 30, go to Question 31.*

-10-

**VF-6**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

31. Was Guice Offshore LLC's conduct outrageous?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 31 is "yes," then answer Question 32.*
*If your answer to Question 31 is "no," then skip to Question 35 if you answered "Yes" to any of the following: Question 5, Question 10, Question 18, Question 26 or Question 30.*

32. Did Guice Offshore LLC intend to cause Thomas Saylor's emotional distress?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 32 is "yes," then answer Question 33.*
*If your answer to Question 32 is "no," then skip to Question 35 if you answered "Yes" to any of the following: Question 5, Question 10, Question 18, Question 26 or Question 30.*

33. Did Thomas Saylor suffer severe emotional distress?

\_\_\_ Yes     \_\_\_ No

*If your answer to Question 33 is "yes," then answer Question 34.*
*If your answer to Question 33 is "no," then skip to Question 35 if you answered "Yes" to any of the following: Question 5, Question 10, Question 18, Question 26 or Question 30.*

-11-

FP 52393181.1

34. Was Guice Offshore LLC's conduct a substantial factor in causing Thomas Saylor's severe emotional distress?

___ Yes   ___ No

*If you answered "yes" to Questions 5, 10, 18, 26, 30 or 34, then answer Question 35.*

*If you did not answer Questions 5, 10, 18, 26, 30 and 34, stop here, answer no further questions, and have the presiding juror sign and date this form.*

FP 52393181.1

# VF-7

## DAMAGES ON MULTIPLE THEORIES

*If you answered "yes" to Questions 5, 10, 18, 26, 30 or 34, then answer Question 35.*

35.   What are Thomas Saylor's damages?

a. Past economic loss.  Enter the amount below if you find that Guice Offshore LLC is liable to Thomas Saylor for past lost wages under racial discrimination, religious discrimination, racial harassment, religious harassment, retaliation or intentional infliction of emotional distress.

   Past lost wages:    $ _____

b. Future economic loss.  Enter the amount below if you find that Guice Offshore LLC is liable to Thomas Saylor for past lost wages under racial discrimination, religious discrimination, racial harassment, religious harassment, retaliation or intentional infliction of emotional distress

   Future lost wages: $ _____

c. Past noneconomic loss, including mental suffering.  Enter the amount below if you find that Guice Offshore LLC is liable to Thomas Saylor for past noneconomic loss under racial discrimination, religious discrimination, racial harassment, religious harassment, retaliation or intentional infliction of emotional distress.

$ _____

d. Future noneconomic loss, including mental suffering. Enter the amount below if you find that Guice Offshore LLC is liable to Thomas Saylor for future noneconomic loss

under racial discrimination, religious discrimination, racial harassment, religious harassment, retaliation or intentional infliction of emotional distress.

$ _____

TOTAL:   $ _____

*If you answered "yes" to Questions 5, 10, 18, 26, 30 or 34, then answer Question 36.*

FP 52393181.1

**PUNITIVE DAMAGES**

36.  Did Guice Offshore LLC engage in the conduct with malice, oppression or fraud?
     ___ Yes     ___ No

*If your answer to Question 36 is "yes," then answer Question 37. If your answer to Question 36 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

37.  Was the conduct constituting malice, oppression or fraud committed by one of more officers, directors or managing agents of Guice Offshore LLC acting on its behalf?
     ___ Yes     ___ No

Stop here and have the presiding juror sign and date this form.


Signed: _____
         Presiding Juror

Dated: _____

After the verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

FP 52393181.1

# PROOF OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 27, 2024, I served the following document(s) **JOINT SPECIAL VERDICT FORM** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Russell Gomm<br>GOMM LAW LLC<br>510 N Darwood Ave<br>San Dimas, CA 91773 | Attorney for Plaintiff<br>THOMAS SAYLOR<br><br>Tel:   (213) 254-5759<br>Email: russell@gomm.law |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 27, 2024, at Los Angeles, California.

Anh Tran
Print Name

By: */s/ Anh Tran*
Signature

FP 52393181.1