Russell Gomm (SBN 231056)
   E-Mail: russell@gomm.law
GOMM LAW
510 N. Darwood Avenue
San Dimas, CA 91773
Telephone: (213) 254-5759

Attorneys for Plaintiff THOMAS SAYLOR

William O. Stein (SBN 150124)
   E-Mail: wstein@fisherphillips.com
Talar Tavlian (SBN 238538)
   E-Mail: ttavlian@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant GUICE OFFSHORE, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS SAYLOR,<br><br>            Plaintiff,<br><br>v.<br><br>GUICE OFFSHORE LLC,<br><br>            Defendant. | Case No. 2:23−cv−03447−MRA−MAR<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Final Pretrial Conf.: October 17, 2024<br>Trial Date: [Date/To Be Set at FPTC] |

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## I. THE PARTIES AND PLEADINGS

Plaintiff will pursue his First, Second, Third, and Fifth Claims pled in his Complaint.

Plaintiff will not pursue his Fourth Claim for Wrongful Termination in Violation of Public Policy.

## II. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1332(a) and 1441(b), and venue is proper in this District and this Division pursuant to 28 U.S.C. § 84.

## III. TRIAL DURATION

No trial date is scheduled at this time.

The trial is estimated to take four (4) days.

## IV. JURY TRIAL

The trial is to be a jury trial.

Plaintiff and Defendant shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re Disputed Instructions, Verdicts, etc." by no later than September 27, 2024.

## V. ADMITTED FACTS

The following facts are admitted and require no proof:

1. Guice Offshore LLC employed Thomas Saylor from April 26, 2022 to October 24, 2022 as a Deckhand on the vessel the GO Quest.
2. Guice Offshore LLC discharged Thomas Saylor October 24, 2022.

3. During Thomas Saylor's employment, Guice Offshore LLC was an employer covered by the California Fair Employment and Housing Act, California Government Code Section 12940, *et seq*.

## VI. STIPULATED FACTS

The parties do not stipulate to any facts.

## VII. PARTIES' CLAIMS AND DEFENSES

### A. Plaintiff's Claims

**1.** <u>Plaintiff Plans to Pursue the Following Claims Against Defendant:</u>

**Claim 1:** Race discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov. Code, § 12940(a).

**Claim 2:** Religious discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov. Code, § 12940(a).

**Claim 3:** Race harassment in violation of the California Fair Employment and Housing Act, Cal. Gov. Code, § 12940(j).

**Claim 4:** Religious harassment in violation of the California Fair Employment and Housing Act, Cal. Gov. Code, § 12940(j).

**Claim 5:** Retaliation in violation of the California Fair Employment and Housing Act, Cal. Gov. Code, § 12940(h).

**Claim 6:** Intentional infliction of emotional distress.

**2.** <u>The Elements Required to Establish Plaintiff's Claims</u>

**Claim 1:** Race discrimination

1. Defendant was an employer.
2. Plaintiff was an employee of Defendant.
3. Defendant discharged Plaintiff.
4. Plaintiff's race was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

5. Plaintiff was harmed.

6. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

**Claim 2:** Religious discrimination

1. Defendant was an employer.

2. Plaintiff was an employee of Defendant.

3. Defendant discharged Plaintiff.

4. Plaintiff's religion was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

5. Plaintiff was harmed.

6. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

**Claim 3:** Race harassment

1. Plaintiff was an employee of Defendant.

2. Plaintiff was subjected to harassing conduct because of his race.

3. The harassing conduct was severe or pervasive.

4. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

5. Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

6. A supervisor, Duane Graves, engaged in the conduct.

7. Plaintiff was harmed.

8. The conduct was a substantial factor in causing Plaintiff's harm.

**Claim 4:** Religious harassment

1. Plaintiff was an employee of Defendant.

2. Plaintiff was subjected to harassing conduct because of his religion.

3. The harassing conduct was severe or pervasive.

4. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

5. Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

6. A supervisor, Duane Graves, engaged in the conduct.

7. Plaintiff was harmed.

8. The conduct was a substantial factor in causing Plaintiff's harm.

**Claim 5:** Retaliation

1. Plaintiff complained to his supervisor, Duane Graves, of harassment.

2. Defendant discharged Plaintiff.

3. Plaintiff's complaint of harassment was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

4. Plaintiff was harmed.

5. Defendant's decision to discharge Plaintiff was a substantial factor in causing him harm.

**Claim 6:** Intentional Infliction of Emotional Distress

1. Defendant's conduct was outrageous.

2. Defendant intended to cause Plaintiff emotional distress or Defendant acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

3. Plaintiff suffered severe emotional distress.

4. Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

3. <u>Key Evidence Plaintiff Relies on for Each Claim</u>

**Claim 1:** Race discrimination

Plaintiff will introduce the following evidence to establish that Defendant's termination of Plaintiff was based on Plaintiff's race.

• Testimony of Plaintiff regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' admission that he threw away Plaintiff's

special food; Duane Graves' calling Plaintiff a racial epithet; and Defendant's false reasons for his termination.

• Testimony of Oscar Balderas regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' calling Plaintiff a racial epithet.

• Testimony of Duane Graves regarding Plaintiff's work duties and performance; other employees' similar work performance; his argument with Plaintiff regarding Plaintiff's special food.

• Testimony of Lois Marie Holman regarding Plaintiff's emotional state when Duane Graves called him a racial epithet.

• Testimony of Robert Carline regarding his own and Plaintiff's work performance.

• Testimony of Cliff Johnson regarding Plaintiff's termination.

• Testimony of LaDonna Saylor regarding Plaintiff's emotional state when Duane Graves ridiculed him about his dietary preferences.

• Testimony of LaFaun Saylor regarding Plaintiff's emotional state when Defendant discharged him.

**Claim 2:** Religious discrimination

Plaintiff will introduce the following evidence to establish that Defendant's termination of Plaintiff was based on Plaintiff's religion.

• Testimony of Plaintiff regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' admission that he threw away Plaintiff's special food; and Defendant's false reasons for his termination.

• Testimony of Oscar Balderas regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences.

• Testimony of Robert Carline regarding his own and Plaintiff's work performance.

• Testimony of Duane Graves regarding Plaintiff's work duties and performance; other employees' similar work performance; his argument with Plaintiff regarding Plaintiff's special food.

• Testimony of Cliff Johnson regarding Plaintiff's termination.

• Testimony of LaDonna Saylor regarding Plaintiff's emotional state when Duane Graves ridiculed him about his dietary preferences.

• Testimony of LaFaun Saylor regarding Plaintiff's emotional state when Defendant discharged him.

**Claim 3:** Race Harassment

Plaintiff will introduce the following evidence to establish that Defendant harassed Plaintiff based on his race.

• Testimony of Plaintiff regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' admission that he threw away Plaintiff's special food; Duane Graves' calling Plaintiff a racial epithet.

• Testimony of Oscar Balderas regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' calling Plaintiff a racial epithet.

• Testimony of Duane Graves regarding his argument with Plaintiff regarding Plaintiff's special food.

• Testimony of Lois Marie Holman regarding Plaintiff's emotional state when Duane Graves called him a racial epithet.

• Testimony of LaDonna Saylor regarding Plaintiff's emotional state when Duane Graves ridiculed him about his dietary preferences.

**Claim 4:** Religious Harassment

Plaintiff will introduce the following evidence to establish that Defendant harassed Plaintiff based on his religion.

• Testimony of Plaintiff regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' admission that he threw away Plaintiff's special food.

• Testimony of Oscar Balderas regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences.

• Testimony of Duane Graves regarding his argument with Plaintiff regarding Plaintiff's special food.

- Testimony of Cliff Johnson regarding Plaintiff's termination.
- Testimony of LaDonna Saylor regarding Plaintiff's emotional state when Duane Graves ridiculed him about his dietary preferences.

**Claim 5:** Retaliation

Plaintiff will introduce the following evidence to establish that Defendant retaliated against him based on his complaints about and opposition to harassment based on his religion and/or his race.

- Testimony of Plaintiff regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences and Plaintiff's requests that Graves cease doing so; Duane Graves' admission that he threw away Plaintiff's special food; Duane Graves' calling Plaintiff a racial epithet; Plaintiff's confronting Graves about calling him a racial epithet; and Defendant's false reasons for his termination.
- Testimony of Duane Graves regarding Plaintiff's work duties and performance; other employees' similar work performance; his argument with Plaintiff regarding Plaintiff's special food.
- Testimony of Lois Marie Holman regarding Plaintiff's emotional state when Duane Graves called him a racial epithet.
- Testimony of Cliff Johnson regarding Plaintiff's termination.
- Testimony of LaDonna Saylor regarding Plaintiff's emotional state when Duane Graves ridiculed him about his dietary preferences.
- Testimony of LaFaun Saylor regarding Plaintiff's emotional state when Defendant discharged him.

**Claim 6:** Intentional Infliction of Emotional Distress

Plaintiff will introduce the following evidence to establish that Defendant discriminated against him based on his religion and/or his race.

- Testimony of Plaintiff regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' admission that he threw away Plaintiff's

special food; Duane Graves' calling Plaintiff a racial epithet; and Defendant's false reasons for his termination.

• Testimony of Oscar Balderas regarding Duane Graves' ridiculing of Plaintiff based on Plaintiff's dietary preferences; Duane Graves' calling Plaintiff a racial epithet.

• Testimony of Robert Carline regarding his own and Plaintiff's work performance.

• Testimony of Duane Graves regarding Plaintiff's work duties and performance; other employees' similar work performance; his argument with Plaintiff regarding Plaintiff's special food.

• Testimony of Lois Marie Holman regarding Plaintiff's emotional state when Duane Graves called him a racial epithet.

• Testimony of Cliff Johnson regarding Plaintiff's termination.

• Testimony of LaDonna Saylor regarding Plaintiff's emotional state when Duane Graves ridiculed him about his dietary preferences.

• Testimony of LaFaun Saylor regarding Plaintiff's emotional state when Defendant discharged him.

### B. Defendant's Affirmative Defenses

#### 1. Defendant Plans to Pursue the Following Affirmative Defenses

**Defense 3:** Plaintiff's claims are barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

**Defense 10:** Plaintiff failed to exhaust internal grievance procedures.

**Defense 11**: Defendant had legitimate, non-discriminatory, non-harassing, and non-retaliatory business reasons for terminating Plaintiff.

**Defense 12**: Defendant's alleged acts were based on reasonable factors other than unlawful discrimination, harassment, or retaliation, or any other prohibited factor.

**Defense 13**: Even if there was discrimination, harassment, or retaliation against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

**Defense 15**: Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm.

**Defense 18**: Any recovery by Plaintiff is barred in whole or in part by his failure to mitigate his damages.

**Defense 20**: Any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**Defense 24**: The alleged wrongful conduct was not based on Plaintiff's race or religion.

**Defense 25**: Plaintiff consented to the actions of which he now complains.

   2. <u>The Elements Required to Establish Defendant's Affirmative Defenses</u>

**Defense 3:** <u>Elements Required to Establish Third Affirmative Defense of Worker's Compensation Exclusivity</u>:

  a. Plaintiff was GO's employee.

  b. GO had workers' compensation insurance

  c. Plaintiff's alleged injury occurred in the normal course of his work

CACI 2800; *Cole v. Fair Oaks Fire Protection*, 43 Cal.3d 148, 160 (1987).

**Defense 10**. <u>Elements Required to Establish Tenth Affirmative Defense of Plaintiff's Failure to Exhaust Internal Grievance Procedures.</u>

 Plaintiff failed to exhaust internal grievance procedures because he did not report any complaints after the alleged harassment continued.

**Defense 11**. <u>Elements Required to Establish Eleventh Affirmative Defense of Legitimate Business Reasons</u>

 An employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason as long as it is not for a discriminatory reason. *See* CACI 2513.

**Defense 12**. <u>Elements Required to Establish Twelfth Affirmative Defense of Defendant's act were based on reasonable factors</u>

Defendant's alleged acts were based on reasonable factors other than unlawful discrimination, harassment, or retaliation, or any other prohibited factor. *See* CACI 2513.

**Defense 13**. <u>Elements Required to Establish Thirteenth Affirmative Defense of Mixed Motive</u>:

    a.    Plaintiff must show by a preponderance of the evidence that discrimination or retaliation was a substantial motivating factor, rather than a motivating factor.

    b.    Defendant must prove it was motivated by legitimate reasons that would have resulted in the same employment decision, regardless of any discrimination or retaliation.

*See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232.

**Defense 15**. <u>Elements Required to Establish Fifteenth Affirmative Defense of Avoidable Consequences</u>

    a.    Defendant took reasonable steps to prevent and correct workplace harassment;

    b.    Plaintiff unreasonably failed to use the preventive and corrective measures for harassment that Defendant provided.

    c.    Reasonable use of Defendant's procedures would have prevented some or all of Plaintiff's harm.

*See* CACI No. 2526.

**Defense 18**. <u>Elements Required to Establish Eighteenth Affirmative Defense of Plaintiff's Failure to Mitigate Damages</u>

Whether Plaintiff took steps to find employment using reasonable efforts. *See* CACI 3962.

**Defense 20**. <u>Elements Required to Establish Twentieth Affirmative Defense that Punitive Damages Violate Defendant's Constitutional Rights</u>

Any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**Defense 24.** <u>Elements Required to Establish Twenty-Fourth Affirmative Defense that Defendant's Conduct was not Based on Plaintiff's Race or Religion</u>

The alleged wrongful conduct was not based on Plaintiff's race or religion. Defendant terminated Plaintiff solely due to his poor job performance, not due to his race or religion.

**Defense 25.** <u>Elements Required to Establish Twenty-Fifth Affirmative Defense of Plaintiff's Consent</u>

Plaintiff consented to the Defendant's alleged actions because he participated in the banter he claims is harassment.

## VIII. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Was Plaintiff's religion a substantial motivating reason for Defendant's decision to discharge Plaintiff?
   a. Was Plaintiff harmed?
   b. Was Defendant's conduct a substantial factor in causing Plaintiff's harm?
2. Was Plaintiff's race a substantial motivating reason for Defendant's decision to discharge Plaintiff?
   a. Was Plaintiff harmed?
   b. Was Defendant's conduct a substantial factor in causing Plaintiff's harm?
3. Was Plaintiff subjected to harassing conduct because of his religion?
   a. Was the harassing conduct severe or pervasive?
   b. Would a reasonable person in Plaintiff's circumstances have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive?
   c. Did Plaintiff consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

      d. Did a supervisor of Plaintiff engage in the conduct?

      e. Was Plaintiff harmed?

      f. Was the supervisor's conduct a substantial factor in causing Plaintiff's harm?

4. Was Plaintiff subjected to harassing conduct because of his race?

      a. Was the harassing conduct severe or pervasive?

      b. Would a reasonable person in Plaintiff's circumstances have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

      c. Did Plaintiff consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

      d. Did a supervisor of Plaintiff engage in the conduct?

      e. Was Plaintiff harmed?

      f. Was the supervisor's conduct a substantial factor in causing Plaintiff's harm?

5. Did Plaintiff complain to his supervisor of harassment or discrimination?

      a. Was Plaintiff's complaint of harassment or discrimination a substantial motivating reason for Defendant's decision to discharge Plaintiff?

      b. Was Plaintiff harmed?

      c. Was Defendant's decision to discharge Plaintiff a substantial factor in causing Plaintiff's harm?

6. Was Defendant's conduct outrageous?

      a. Did Defendant intend to cause Plaintiff's emotional distress, or did Defendant act with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred?

      b. Did Plaintiff suffer severe emotional distress?

      c. Was Defendant's conduct a substantial factor in causing Plaintiff's severe emotional distress?

7. Whether Plaintiff mitigated his damages.

8. Whether Plaintiff's claims are barred by Workers' Compensation laws.
9. Whether Plaintiff exhausted Guice Offshore LLC's internal grievance procedures.
10. Whether Plaintiff consented to the allegedly harassing conduct.
11. Whether Guice Offshore LLC would have discharged Plaintiff anyway at that time based on Plaintiff's poor job performance, even if it had also not been substantially motivated by discrimination or retaliation.

## IX. DISCOVERY

All discovery is complete.

## X. DISCLOSURES AND EXHIBIT LIST

All disclosures under FED. R. CIV. P. 26(a)(3) have been made.

The parties' joint exhibit list has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List"). In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor.

## XI. WITNESS LISTS

The parties' witness lists have been filed under separate cover as required by L.R. 16-5. Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

## XII. MOTIONS IN LIMINE

Motions *in Limine* or law and motion matters have been filed with the Court. The parties have met and conferred on the motions *in limine*. The following motions *in limine*, and no others, are pending:

1. Defendant's Motion in Limine No. 1 for an Order Excluding Evidence of Causation of Plaintiff's Alleged Emotional Distress.

2. Defendant's Motion in Limine No. 2 for an Order Excluding Evidence of Plaintiff's Alleged Lost Future Wages.

3. Defendant's Motion in Limine No. 3 for an Order Excluding Evidence Plaintiff Failed to Disclose in Rule 26 Disclosures and Produced After Discovery Cut-Off.

4. Defendant's Motion in Limine No. 4 for an Order Excluding any Evidence of Plaintiff's Changes to His Deposition Testimony.

5. Defendant's Motion in Limine No. 5 for an Order Bifurcating Trial into Liability and Punitive Damages Phases.

## XIII. BIFURCATION

Defendant's Motion in Limine No. 5 for an Order Bifurcating Trial into Liability and Punitive Damages Phases is currently pending.

## XIV. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED:

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 27, 2024, I served the following document(s) **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Russell Gomm<br>GOMM LAW LLC<br>510 N Darwood Ave<br>San Dimas, CA 91773 | Attorney for Plaintiff<br>THOMAS SAYLOR<br><br>Tel: (213) 254-5759<br>Email: russell@gomm.law |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 27, 2024, at Los Angeles, California.

<u>Anh Tran</u>　　　　　　　　　By: <u>*/s/ Anh Tran*</u>
Print Name　　　　　　　　　　　　　　　　Signature